**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**MILTON THOMAS,**

      **Plaintiff,**

**vs.**                                           **4:07CV74-SPM/AK**

**MAJOR KAPP, et al,**

      **Defendants .**

      _____/

**O R D E R**

This cause is before the court upon Plaintiff's filing of a civil rights complaint under 42 U.S.C. § 1983 (doc. 1), and an application for leave to proceed *in forma pauperis* (IFP). (Doc. 2). Leave to so proceed has been granted in a separate order. (Doc. 3). Also, before the Court are the following motions: Plaintiff's Motion for Order compelling the institution to forward his mail (doc. 14) and Plaintiff's Motion for Status and Service of Complaint. (Doc. 18).

The Court has jurisdiction to decide those claims that are properly before it as asserted in a complaint. Plaintiff's complaint does not concern mail problems. Consequently, Plaintiff should raise these issues either in a separate complaint or through the grievance process at the institution. The motion (doc. 14) is **DENIED**.

Plaintiff's complaint will not be served until the Court determines that he has stated valid claims for relief. As set forth below, Plaintiff must file an amended

complaint, which the Court will review, before service will be directed. Consequently, his motion for service (doc. 18) is **DENIED**.

From a review of the complaint, it is evident that the facts as presented fail to state a claim upon which relief can be granted.  Consequently, the Clerk will mail to him another civil rights complaint that Plaintiff must complete in its entirety.  He does not need to file any service copies of the complaint at this time.

Plaintiff alleges that Defendant Latimer has retaliated against him by fabricating a disciplinary report that Plaintiff refused to work resulting in his being confined in solitary confinement.  Plaintiff also complains that Defendant Latimer used profanity and acted "hateful and disrespectful" towards him.

Initially, Plaintiff has no cause of action under 42 U.S. C. §1983 for Defendant's alleged verbal abuse or disrespectful treatment.  See Keenan v. Hall, 83 F3d 1083, 1092 (9th Cir. 1996) (assaultive comments by prison guard not enough to implicate the Eighth Amendment); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong); Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) (prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in deprivation of protected liberty interest); Siglar v. Hightower, 112 F.3d 191, 193 (5 Cir. 1997) (verbal abuse not cognizable under 1983); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) (same), *cert. denied*, 485 U.S. 982 (1988) (same).

Insofar as Plaintiff asserts claims of retaliation against Defendant Latimer, imposition of disciplinary confinement is not an "atypical and significant hardship on the

Case 4:07-cv-00074-SPM-AK   Document 23   Filed 10/11/07   Page 3 of 10

inmate in relation to the ordinary incidents of prison life," and therefore, does not implicate a protected liberty interest.  Sandin v. Conner, 515 U.S. 472, 484-486 (1995).

In Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994), the Court held that where success in a section 1983 damages action would necessarily challenge the validity of a conviction or sentence that could result in an earlier release from confinement, such lawsuit would be barred unless there was first proof that the conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by state tribunal authorized to make such determination, or called into question by federal court's issuance of writ of habeas corpus.

In Edwards v. Balisok, 520 U.S. 641, 117 S.Ct 1584, 137 L.Ed.2d 906 (1997) this bar was extended to prison administrative procedures when the action taken affected good time credits, which in turn affected the duration of the prisoner's confinement.

Until the holding in Muhammad v. Close, 540 U.S. 749 (2004), there was a split among the Circuits as to the applicability of Heck, *i.e.* whether the favorable termination requirement of Heck bars all damage suits challenging prison disciplinary proceedings, and the Supreme Court held that it does not bar section 1983 suits that go neither to the fact of the conviction/disciplinary decision or the duration of the overall confinement. The Eleventh Circuit had interpreted Balisok to allow claims challenging a disciplinary proceeding that were "purely procedural, as in Wolff...."  Harden v. Pataki, 320 F.3d 1289, 1295 n.9 (11th Cir. 2003).  See also Jenkins v. Haubert, 179 F.3d 19, 27 (2nd Cir. 1999) (damages sought relative to a disciplinary sanction that does not affect length of confinement may be brought by 1983 suit); Leamer v. Fauver, 288 F.3d 532 (3rd Cir.

3

2002) (same); DeWalt v. Carter, 224 F.3d 607 (7th Cir. 2000); Brown v. Plaut, 131 F.3d 163 (D.C. Cir. 1997).

.	Plaintiff complains only about the fact of the disciplinary decision and the disciplinary confinement that resulted from it.  He asserts no procedural defects with regard to the proceeding itself.

The procedural requirements for a disciplinary hearing are three-fold: (1) advance written notice; (2) a written statement of the reasons for the disciplinary action taken; and (3) the opportunity to call witnesses and present evidence. Wolff v. McDonnell, 418 U.S. 539, 556, 94 S. Ct. 2963, 2974, 41 L.Ed. 2d 935 (1974); Young v. Jones, 37 F.3d 1457, 1459-60 (11th Cir. 1994); Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 1999).  Without some claim as to the procedural aspects of the disciplinary proceeding, Plaintiff's claims against Defendant Latimer for damages resulting from the alleged false disciplinary report are not cognizable.

Insofar as Plaintiff asserts a claim of retaliation against Defendant Latimer, Plaintiff may have stated sufficient facts for this claim to go forward.  However, he should review the following case law before he files an amended complaint and state additional facts to support the following elements, if possible.

A claim that a plaintiff was penalized for the exercise of a specific constitutional right is properly considered under the First Amendment.  See Thaddeus-X v. Blatter, 175 F.3d 378, 387 (6th Cir. 1999) (en banc).  It is well settled law that the First Amendment protects inmates from retaliation by prison officials for filing administrative grievances and lawsuits.  Green v. Mowery, 212 Fed. Appx. 918, 919 (11th Cir. 2006); Redd v. Conway, 160 Fed. Appx. 858, 862 (11th Cir. 2005).  To state a retaliation claim,

a plaintiff must establish three elements: (1) that his speech or act was constitutionally protected; (2) that the defendants' retaliatory conduct adversely affected the protected speech or act; and (3) that there is a causal connection between the retaliatory actions and the adverse affect. Bennett v. Hendrix, 423 F.3d 1247, 1250 (11th Cir. 2005). The Eleventh Circuit has adopted an objective test as the standard for determining whether there has been an adverse affect.[1] Id., at 1251. Under this analysis "a plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter 'a person of ordinary firmness' from the exercise of First Amendment rights." Id., at 1250, *quoting* Constantine v. Rectors and Visitors of George Mason Univ., 411 F.3d 474 (4th Cir. 2005). This test is applicable to prisoners' claims of retaliation as well. Bennett, *supra* at 1253, n.6.

A plaintiff bears the burden of proof on all three elements.

Plaintiff has stated facts to support the first element, he clearly has a First Amendment right to file grievances. See Green, *supra* and Redd, *supra*. However, as to the second Bennett requirement, Plaintiff must show that the Defendants' conduct resulted in something more than a "de minimis inconvenience" to the exercise of his First Amendment rights. Bethel v. Town of Loxley, 221 Fed. Appx. 812, 813 (11th Cir. 2006). Negative statements in general made by a defendant without threat of physical violence or any other consequence would not likely deter a person of "ordinary firmness" from exercising his rights. Wood v. Valentino, 2007 WL 1427045 (M.D. Fla.

---

[1] A minority of circuits apply a subjective test under which the Plaintiffs have to show that they were actually chilled in the exercise of their First Amendment rights, but the Eleventh Circuit specifically declined to adopt this standard in favor of the majority view. Bennett, *supra* at 1251.

2007). However, a threat of "something drastic" if a prisoner did not stop filing grievances said by someone in a position of significant authority is sufficient to deter a person of ordinary firmness from filing grievances. Pittman v. Tucker, 213 Fed. Appx. 867, 871 (M.D. Fla. 2007).

Further, as to the third requirement, a causal link, conclusory allegations of retaliation without "some facts" that would indicate that the retaliatory act (placing Plaintiff in AC) was in retaliation for filing grievances is not sufficient. See White v. Thompson, 2007 WL 2324613 (S. D. Ga. 2007). See also Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003) (prisoner may establish retaliation by "demonstrating that the prison official's actions were `the result of his having filed a grievance concerning the conditions of his imprisonment.'"). The allegations must be more than "general attacks" upon a defendant's motivations, Plaintiff must produce "affirmative evidence" of retaliation from which a jury could find that plaintiff had carried his burden of proving the requisite motive. Crawford-El v. Britton, 523 U.S. 574, 600, 118 S.Ct. 1584, 1598, 140 L.Ed.2d 759 (1998) (citations omitted). A prisoner does not automatically cast doubt upon an institutional decision, nor is the decision "subject to exhaustive challenge," solely because he was engaged in a First Amendment right. Adams, 784 F.2d 1077, 1082 (11th Cir. 1986); Adams v. James, 797 F.Supp. 940, 949 (M.D. Fla. 1992). Even though prison officials do not have the authority to prohibit inmates from filing grievances it does not follow that every time an inmate files a grievance the act of doing so renders the exercise of prison authority suspect. See Adams, 784 F.2d at 1082. Indeed, while mindful that a plaintiff may not be held to a heightened burden of proof, see Crawford-El, 523 U.S. at 580-86 (holding that in retaliation claim prisoner could not

be required to show "clear and convincing" evidence of defendant's unconstitutional motives), courts should approach prisoner claims of retaliation "with skepticism and particular care" due to the "near inevitability" that prisoners will take exception with the decisions of prison officials and "the ease with which claims of retaliation may be fabricated." Dawes v. Walker, 239 F.3d 489, 491 (2nd Cir. 2001), impliedly overruled in part on other grounds by Swierkiewicz v. Sorema N.A., 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

The only claims Plaintiff asserts against Defendants Neel and Crews are that they denied his grievance and grievance appeals. Federal courts which have addressed the issue of whether defendants may be held liable for their participation or lack thereof in the grievance process have held that inmates are not constitutionally entitled to a grievance procedure, and therefore, the state creation of such a procedure does not give rise to a substantive constitutional right, particularly a liberty interest under the Due Process Clause.[2] Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994), *cert. denied* 514 U.S. 1022, 115 S. Ct. 1371, 131 L. Ed. 2d 227 (1995); Smith v. Corrections Corporation of America, 19 Fed. Appx. 318, 321 (6th Cir. 2001); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991); Mann v. Adams, 855 F.2d 639, 640 (9th

---

[2] An inmate cannot claim a due process violation unless he can show a deprivation of a protected liberty interest, and such interests are generally limited to (a) those actions that unexpectedly alter the inmates term of imprisonment, and (b) those actions that impose an atypical and significant hardship in relation to the ordinary incidents of prison life. Sandin v. Connor, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300, 132 L. Ed. 2d 418 (1995). For an inmate to have a protectible interest, he must have a legitimate claim of entitlement to it. Greenholtz v. Inmates of Nebraska Penal and Corrections Complex, 442 U. S. 1, 7, 99 S. Ct. 2100, 2104, 60 L. Ed. 2d 668 (1979).

Cir. 1988), *cert. denied* 488 U.S. 898, 109 S. Ct. 242, 102 L. Ed. 2d 213 (1988). Liability, therefore, cannot be predicated upon a claim that the defendants failed to process grievances, Buckley v. Barlow, 997, F.2d 494, 495 (8th Cir. 1993), or failed to process them effectively, LaFlame v. Montgomery County Sheriff's Department, 3 Fed. Appx. 346, 347 (6th Cir. 2001), or failed to process them timely, Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D. Ill. 1982). *See also* Massey v. Helman, 259 F.3d 641 (7th Cir. 2001) (failure to provide grievance forms not a cognizable claim); Allen v. Wood, 970 F. Supp. 824, 832 (E.D. Wash. 1997) (improper processing not cognizable); Ainsworth v. Terhune, 2002 WL 1837806 (N.D. Cal.) (inordinate delay not a claim). If, indeed, these are Plaintiff's only claims against these two defendants, he should delete them from his amended complaint.

It also appears that he should delete Defendant Kapp, as well, since he appears to be named as a defendant simply because he was the facility supervisor. Supervisory personnel cannot be held vicariously liable for the actions of their subordinates, but may be independently liable if a reasonable person in the supervisor's position would have known that his conduct infringed the Plaintiff's rights and the supervisor's conduct was causally related to the subordinate's constitutional violation. Greason v. Kemp, 891 F.2d 829, 836 (11th Cir. 1990); McKinney v. DeKalb County, 997 F.2d 1440, 1443 (11th Cir. 1993).

Finally, it is unclear whether Plaintiff means to name Weathers and Brown as defendants. He does not include them in the style of the case on page 1 of the complaint, nor does he mention Weathers in the text of the complaint. However, at page 4 of the complaint he names both persons as "Additional Defendants." He

should make it clear in the amended complaint whom he intends to name as defendants.

In amending, Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law. If Plaintiff is able to file an amended complaint, he must name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their full names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form. Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation. In civil rights cases, more than conclusory and vague allegations are required to state a cause of action. *See*, *e.g.*, Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). In presenting his claims, Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Amended Complaint." Plaintiff is advised that the amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints. An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded. N.D. Fla. Loc. R. 15.1. Plaintiff should file the amended complaint in the Court and keep one identical copy for himself. Plaintiff need not file service copies until instructed to do so by the court.

Accordingly, it is hereby

**ORDERED:**

1. The clerk of court shall forward to Plaintiff another Section 1983 form.

2. Plaintiff must respond to this order by **October 25, 2007.**

3. **Failure of Plaintiff to respond to this order or submit the requested information or explain his inability to do so will result in a recommendation to the District Judge that this action be dismissed.**

4. Plaintiff's Motions (docs. 14 and 18) are **DENIED**.

**DONE AND ORDERED** this  *11*th  day of October, 2007.


*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**