**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**MILTON THOMAS,**

    **Plaintiff,**

**vs.**                                           **CASE NO. 4:07CV74-SPM/AK**

**C. LATIMER,**

    **Defendant.**

_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this cause pursuant to 42 U.S.C. §1983 against Officer Latimer alleging that he retaliated against him for filing grievances and used excessive force. (Doc. 32). Defendant has filed a motion to dismiss (doc. 49) to which Plaintiff has failed to respond.

**I.**     **Amended Complaint (doc. 32)**

Plaintiff claims that during the month of October 2006, he was on work detail under the supervision of Defendant. Without cause, he contends that Defendant pushed him, verbally abused him, and threatened him, and he wrote an informal grievance requesting that he be removed from Defendant's work squad. After he filed the grievance, Plaintiff claims that Defendant cuffed him, pushed him in the back of the head, and told him not to write any more grievances. Allegedly, Defendant wrote a disciplinary report against Plaintiff for refusing to work, for which he was found guilty.

Attached to the amended complaint are the following:

a) <u>Informal Grievance dated November 1, 2006</u>

Plaintiff complains that Defendant cursed him, which was denied in the response.

b) <u>Formal Grievance dated November 16, 2006</u>

Plaintiff again complains of Defendant being verbally abusive towards him. The response was a denial and the notation that Defendant claimed Plaintiff refused to work for him and he was given a DR.

c) <u>Appeal to Warden</u>

Plaintiff recites the same events and contends that the DR was a lie. In response, it was stated that the investigation of the facts underlying the DR resulted in no inmate witnesses giving a statement and the officer that Plaintiff called in his defense said she did not know why she was being called as a witness. Defendant stated again that Plaintiff refused to work which resulted in a DR and thirty days confinement, which was commuted to 20 days because of his "adjustment."

d) <u>Appeal to Secretary</u>

Plaintiff recites the incident, denies that he refused to work, and claims that the DR and verbal abuse was retaliatory. The response was that Defendant was again interviewed and denied any retaliation.

## II.     Standard of Review

"The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true."  <u>Boyer v. Board of County Comm'rs</u>, 922 F. Supp. 476, 482 (D.

Kan. 1996), *aff'd,* 108 F.3d 1388, *citing* Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993); Mitchell v. Farcass, 112 F.3d 1483, 1487 (11th Cir. 1997); Mannings v. Board of Public Instr. of Hillsborough County, Fla., 277 F.2d 370, 372 (5th Cir. 1960). The court should not weigh the evidence, but merely "determine whether the complaint itself is legally sufficient." In re Mosello, 190 B.R. 165, 168, *aff'd,* 193 B.R. 147, *aff'd,* 104 F.3d 352 (Bankr. S.D.N.Y. 1995), *citing* Festa v. Local 3, Int'l Brotherhood of Elec. Workers, 905 F.2d 35, 37 (2d Cir. 1990).

The Supreme Court recently expressed a new standard in Bell Atlantic Corp., et al. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007), holding:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations...[f]actual allegations must be enough to raise a right to relief above the speculative level...

In doing so, the Court emphasized that it was not requiring a fact pleading of specifics, but only enough facts to show that a claim to relief is plausible. Id., at 1974. The Court in Twombly expressly abandoned a literal reading of the "no set of facts" language announced in Conley v. Gibson. Id. at 1969. See Conley v. Gibson, 355 U.S. 41, 45-6, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) (dismissal of a complaint should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief).

All well-pleaded factual allegations and reasonable inferences from those allegations must be accepted as true in ruling upon a motion to dismiss. Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992)(citation omitted), *cert. denied*, 113 S. Ct. 1586 (1993). However, this does not mean "that every statement

**No. 4:07cv74-SPM/AK**

in a complaint must be accepted as true." In re Mosello, 190 B.R. at 168.  The "court need not accept 'sweeping and unwarranted averments of fact.'" *Id.*, *citing* Perniciaro v. Natale, 136 B.R. 344, 348 (Bankr. E.D.N.Y. 1992), *quoting* Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987).  Claims which "rely upon conclusory statements of law" need not be accepted.  Northern Trust Co. v. Peters, 69 F.3d 123, 129 (7th Cir. 1995).  Conclusory statements and their inferences "are not sufficient to defeat a motion to dismiss for failure to state a claim."  Northern Trust Co., 69 F.3d at 129; *see also* Quality Foods de Centro America, 711 F.2d 989, 995 (11th Cir. 1983)(finding "[c]onclusory allegations that defendant violated the antitrust laws and plaintiff was injured thereby will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief.")

*Pro se* complaints are to be held to a less stringent standard than those drafted by an attorney.  Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972).  However, a plaintiff is still required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory."  Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995).  It cannot be assumed that a Plaintiff will prove facts which have not been alleged.  Quality Foods de Centro America, 711 F.2d at 995, *citing* Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459

**No. 4:07cv74-SPM/AK**

U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983). Hence, even though the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996). Additionally, the court's duty to construe a plaintiff's complaint liberally is not the equivalent of a duty to rewrite it. Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993).

### III. Analysis

   a) Immunity

Plaintiff does not identify in which capacity he sues Defendant, but Defendant is correct that the Eleventh Amendment bars suits against state employees for monetary relief in their official capacity. Kentucky v. Graham, 473 U. S. 159, 169, 105 S.Ct. 3099, 87 L.Ed2d 114 (1985); Hobbs v. E.E. Roberts, 999 F.2d 1526, 1529-30 (11th Cir. 1993). A limited exception to the Eleventh Amendment immunity of state officials sued in their official capacities has been recognized where prospective relief is sought against a state officer for violating federal or constitutional law which seeks to compel his or her compliance with that law. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 102-103, 104 S.Ct 900, 79 L.Ed.2d 67 (1984). Thus, a state officer who has allegedly violated the constitutional rights of a plaintiff may be sued in his official capacity for injunctive or declaratory relief governing his future conduct, but is immune, in his official capacity, to suit for retroactive monetary relief (damages) arising out of the same conduct. *Id.*

**No. 4:07cv74-SPM/AK**

Because Plaintiff seeks only monetary damages for the alleged violations, Defendant is immune from suit insofar as Plaintiff seeks to sue him in his official capacity.

Insofar as Plaintiff may be deemed to sue Defendant in his individual capacity, the Court finds that qualified immunity does not bar Defendant from suit under the facts of the complaint. "Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Vinyard v. Wilson, 311 F.3d 1340, 1346 (11th Cir.2002) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). "The purpose of this immunity is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law." Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002) (internal quotation marks and citations omitted). To receive qualified immunity, "the public official must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." Id. (internal quotation marks omitted). "Once the defendant establishes that he was acting within his discretionary authority, the burden shifts to the plaintiff to show that qualified immunity is not appropriate." Id.

The Supreme Court has set forth a two-part test for the qualified immunity analysis. "The threshold inquiry a court must undertake in a qualified immunity analysis

**No. 4:07cv74-SPM/AK**

is whether [the] plaintiff's allegations, if true, establish a constitutional violation." Hope v. Pelzer, 536 U.S. 730, 122 S.Ct. 2508, 2513, 153 L.Ed.2d 666 (2002) (citing Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)). "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." Saucier, 533 U.S. at 201. "If a constitutional right would have been violated under the plaintiff's version of the facts, 'the next, sequential step is to ask whether the right was clearly established.'" Vinyard, 311 F.3d at 1346 (quoting Saucier, 533 U.S. at 201).

Taking Plaintiff's allegations as true, that Defendant retaliated against him by using force to dissuade him from filing grievances, a clearly established constitutional right would have been violated.

b) Verbal abuse

Plaintiff has no cause of action under 42 U.S. C. §1983 for Defendant's alleged verbal abuse and use of profanity. See Keenan v. Hall, 83 F3d 1083, 1092 (9th Cir. 1996) (assaultive comments by prison guard not enough to implicate the Eighth Amendment); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong); Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) (prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in deprivation of protected liberty interest); Siglar v. Hightower, 112 F.3d 191, 193 (5 Cir. 1997) (verbal abuse not cognizable under

**No. 4:07cv74-SPM/AK**

1983); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) (same), *cert. denied*, 485 U.S. 982 (1988) (same).

   c) Excessive force

Defendant raises several issues with regard to this claim, one of which the Court finds to be dispositive. Plaintiff did not mention in any of the grievances submitted with the complaint any use of force by Defendant. Since passage of the PLRA, 42 U.S.C. § 1997e(a) now provides: "*No action shall be brought* with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." (Emphasis added.) The exhaustion requirement of § 1997e(a) is mandatory, whether the claim is brought pursuant to § 1983 or Bivens. Alexander v. Hawk, 159 F.3d 1321, 1324-26 (11th Cir. 1998). There is no discretion to waive this requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing. Alexander, 159 F.3d at 1325; *see also* Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Higginbottom v. Carter, 223 F.3d 1259, 1260-61 (11th Cir. 2000) (holding that an excessive force claim is subject to the exhaustion requirement); Brown v. Sikes, 212 F.3d 1205, 1207-08 (11th Cir. 2000) (finding that an

**No. 4:07cv74-SPM/AK**

inmate must "provide with his grievance all relevant information reasonably available to him").

The Supreme Court has upheld the law of the Eleventh Circuit and reaffirmed that the exhaustion requirement of the Prisoner Litigation Reform Act (PLRA) is mandatory and necessary. <u>Woodford v. Ngo</u>, 126 S.Ct. 2378, 2382 (2006). In <u>Woodford</u>, the Supreme Court referred to exhaustion as the "centerpiece" of the PLRA, and cited with approval the Eleventh Circuit's position that exhaustion is a mandatory provision, no longer left to the discretion of the district court, and that a prisoner must complete the process as the institution requires, including appeals. <u>Id.</u>, at 2384. The policies cited by the Court for making exhaustion mandatory are that it provides prisoners with an effective incentive to use the process, which gives the institution a fair opportunity to correct its own errors; and thereby, reduces the number of prisoner suits and improves the quality of the lawsuits that are filed in federal court. <u>Id.</u>, at 2387-2389. The Court also noted that proper exhaustion "often results in the creation of an administrative record that is helpful to the court. When a grievance is filed shortly after the event giving rise to the grievance, witnesses can be identified and questioned while memories are still fresh, and evidence can be gathered and preserved." <u>Id.</u>

A review of the lengthy grievances filed by Plaintiff, which were investigated by the DOC, include only his claims of retaliation by filing a false DR and verbal abuse. There is no mention of any physical acts by Defendant and the Court is not persuaded that Plaintiff was afraid of putting all the facts in his grievances since the grievance

**No. 4:07cv74-SPM/AK**

process allows in instances of retaliation and/or excessive force an expedited process whereby the prisoner can bypass the informal stage to avoid precisely the type of situation Plaintiff claims he was afraid of. *See* FLA. ADMIN. CODE CH. 33-103, *et seq.*

The Court also agrees that Plaintiff has failed to allege any specific injuries from being pushed in the head. Under the Eighth Amendment force is deemed legitimate in a prison setting as long as it is used "in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm." Whitley v. Albers, 475 U.S. 312, 320-21 (1986), quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973). A variety of factors are considered in determining whether the force was applied maliciously or sadistically, including the need for force, the relationship between that need and the amount of force used, the threat reasonably perceived by the prison officials applying it, and any efforts made to temper the severity of the force used. Hudson v. McMillian, 503 U.S. 1, 7-8 (1992). A de minimis use of force, as evidenced by no injury, is one of the factors for consideration and cannot support a claim of excessive use of force. Hudson, at 7.

    d) Retaliation

A claim that a plaintiff was penalized for the exercise of a specific constitutional right is properly considered under the First Amendment. See Thaddeus-X v. Blatter, 175 F.3d 378, 387 (6th Cir. 1999) (en banc). It is well settled law that the First Amendment protects inmates from retaliation by prison officials for filing administrative grievances and lawsuits. Green v. Mowery, 212 Fed. Appx. 918, 919 (11th Cir. 2006);

**No. 4:07cv74-SPM/AK**

Redd v. Conway, 160 Fed. Appx. 858, 862 (11th Cir. 2005). To state a retaliation claim, a plaintiff must establish three elements: (1) that his speech or act was constitutionally protected; (2) that the defendants' retaliatory conduct adversely affected the protected speech or act; and (3) that there is a causal connection between the retaliatory actions and the adverse affect. Bennett v. Hendrix, 423 F.3d 1247, 1250 (11th Cir. 2005). The Eleventh Circuit has adopted an objective test as the standard for determining whether there has been an adverse affect.[1] Id., at 1251. Under this analysis "a plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter 'a person of ordinary firmness' from the exercise of First Amendment rights." Id., at 1250, *quoting* Constantine v. Rectors and Visitors of George Mason Univ., 411 F.3d 474 (4th Cir. 2005). This test is applicable to prisoners' claims of retaliation as well. Bennett, *supra* at 1253, n.6.

A plaintiff bears the burden of proof on all three elements.

Plaintiff has carried his burden as to the first element, he clearly has a First Amendment right to file grievances. See Green, *supra* and Redd, *supra*. However, as to the second Bennett requirement, Plaintiff must show that the Defendants' conduct resulted in something more than a "de minimis inconvenience" to the exercise of his First Amendment rights. Bethel v. Town of Loxley, 221 Fed. Appx. 812, 813 (11th Cir. 2006). Negative statements in general made by a defendant without threat of physical

---

[1] A minority of circuits apply a subjective test under which the Plaintiffs have to show that they were actually chilled in the exercise of their First Amendment rights, but the Eleventh Circuit specifically declined to adopt this standard in favor of the majority view. Bennett, *supra* at 1251.

**No. 4:07cv74-SPM/AK**

violence or any other consequence would not likely deter a person of "ordinary firmness" from exercising his rights.  <u>Wood v. Valentino</u>, 2007 WL 1427045 (M.D. Fla. 2007).  However, a threat of "something drastic" if a prisoner did not stop filing grievances said by someone in a position of significant authority is sufficient to deter a person of ordinary firmness from filing grievances.  <u>Pittman v. Tucker</u>, 213 Fed. Appx. 867, 871 (M.D. Fla. 2007).

Under the facts presented, Defendant Latimer, who is identified as a Security Officer, allegedly called Plaintiff derogatory names and told him he was going to "kick his ass."  He allegedly told Plaintiff he had more power than his superiors and could talk to Plaintiff any way he wanted to or put his hands on him at any time.

This action of a DR and disciplinary confinement is not in the opinion of the undersigned adverse and constitutes no more than a "de minimis inconvenience," which under the case law cited *supra* does not meet the second requirement of <u>Bennett</u> for stating a claim of retaliation.  Defendant's threats did not apparently dissuade Plaintiff from taking the constitutionally protected actions he alleges were thwarted by the threats since he filed the grievances and appealed them to the Secretary.  An investigation into the allegations was conducted and Plaintiff was allowed witnesses, who allegedly refused to testify on his behalf.  While given the opportunity, Plaintiff declined to mention that physical force was used which is not persuasive of the fact that he was deterred by the threats allegedly made to him by Defendant Latimer.

**No. 4:07cv74-SPM/AK**

Further, as to the third requirement, a causal link, conclusory allegations of retaliation without "some facts" that would indicate that the retaliatory act (placing Plaintiff in DC) was in retaliation for filing grievances is not sufficient.  See White v. Thompson, 2007 WL 2324613 (S. D. Ga. 2007).  See also Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003) (prisoner may establish retaliation by "demonstrating that the prison official's actions were `the result of his having filed a grievance concerning the conditions of his imprisonment.'").  The allegations must be more than "general attacks" upon a defendant's motivations, Plaintiff must produce "affirmative evidence" of retaliation from which a jury could find that plaintiff had carried his burden of proving the requisite motive. Crawford-El v. Britton, 523 U.S. 574, 600, 118 S.Ct. 1584, 1598, 140 L.Ed.2d 759 (1998) (citations omitted).  A prisoner does not automatically cast doubt upon an institutional decision, nor is the decision "subject to exhaustive challenge," solely because he was engaged in a First Amendment right.  Adams v. James, 784 F.2d 1077, 1082 (11th Cir. 1986); Adams v. James, 797 F.Supp. 940, 949 (M.D. Fla. 1992).  Even though prison officials do not have the authority to prohibit inmates from filing grievances it does not follow that every time an inmate files a grievance the act of doing so renders the exercise of prison authority suspect. See Adams, 784 F.2d at 1082. Indeed, while mindful that a plaintiff may not be held to a heightened burden of proof, see Crawford-El, 523 U.S. at 580-86 (holding that in retaliation claim prisoner could not be required to show "clear and convincing" evidence of defendant's unconstitutional motives), courts should approach prisoner claims of retaliation "with skepticism and

**No. 4:07cv74-SPM/AK**

particular care" due to the "near inevitability" that prisoners will take exception with the decisions of prison officials and "the ease with which claims of retaliation may be fabricated." Dawes v. Walker, 239 F.3d 489, 491 (2nd Cir. 2001), impliedly overruled in part on other grounds by Swierkiewicz v. Sorema N.A., 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

Under the present facts, Plaintiff had not worked with Defendant before and had no history with him that might establish a basis for retaliation. A corrections officer with 15 to 17 years experience (as Plaintiff alleges) would not likely be motivated by the filing of a grievance to retaliate on this basis knowing that allegations of retaliation are investigated. Even the commutation of the disciplinary confinement by ten days does not comport with an intent to retaliate. Thus, the undersigned finds that Plaintiff has failed to carry his burden of proof on the third Bennett element as well.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's Motion to Dismiss (doc. 49) be **GRANTED**, and Plaintiff's amended complaint (doc. 32), be **DISMISSED** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e) and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Gainesville, Florida, this 3rd day of December, 2008.

   s/ A Kornblum
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**No. 4:07cv74-SPM/AK**

## NOTICE TO THE PARTIES

  **A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 4:07cv74-SPM/AK**